NELLIE A. FIGLEY v. J. F. BRADSHAW ET AL., AP-
PELLEES, IMPLEADED WITH GOODRICH BROS.
BANKING COMPANY, APPELLANT.

[FILED OCTOBER 5, 1892.]

1. **Mortgages:** PRINCIPAL AND AGENT.   A person who received
an application through an agent for a loan upon real estate sent
a draft for the amount of the loan, payable to the mortgagor, to
his agent, one C. at S., and instructed him to have certain liens
on the property satisfied.   The agent procured the indorsement
of the mortgagor on the draft and retained the same on the pre-
tense of satisfying the liens, but instead of doing so absconded
with the money without paying the claims.   *Held*, That the
proof failed to show a delivery of the draft to the mortgagor, and
did show that C. was intrusted with the same as agent of the
lender.

2. ———: FAILURE OF CONSIDERATION: CANCELLATION.   The loan
having failed, a mortgage for the commission in procuring the
same was properly canceled.

3. ———: ———: BONA FIDE PURCHASER: JUDGMENT AGAINST
ASSIGNOR.   The note and mortgage being void and having been
transferred to a *bona fide* purchaser, judgment was properly ren-
dered against the party making the assignment.

APPEAL from the district court for Nuckolls county.
Heard below before MORRIS, J.

*Letton & Hinshaw*, for appellant.

*S. A. Searle, contra.*

MAXWELL, CH. J.

This action was brought by the plaintiff against Brad-
shaw and wife to foreclose a certain mortgage.   The other
defendants were joined because they claimed an interest in
the mortgaged premises.

The controversy in this court relates to a certain mort-
25

gage made by Bradshaw and wife upon the property de-
scribed in the petition for the sum of $700 in favor of L.
W. Goodrich.   The loan was effected through one Samuel
Carto at Superior.   It appears from the evidence that there
were certain liens upon the property then due and the loan
was effected to pay off such liens.   A draft for $705 was
sent by Mr. Goodrich to Carto.   This draft was payable
to Bradshaw.   This, at Carto's request, he indorsed, but
the possession was retained by Carto, who informed Brad-
shaw that he was to satisfy the liens out of the same.
Carto thereupon collected the draft and left the country
without paying the liens.   Goodrich transferred the note
and mortgage to Markham before due and he claims to be
an innocent purchaser.

The court below made special findings; in effect, that
Carto was the agent of Goodrich and that there had been
no delivery of the draft.   It also found that a mortgage
given to Goodrich Bros. for commission was without con-
sideration and that Markham was a *bona fide* purchaser,
and rendered judgment as follows:

"It is therefore considered and adjudged by the court
unless there shall be paid to the clerk of this court within
twenty days from the entry of this decree, for the use and
benefit of the said defendant, D. G. Markham, the said
sum of $803.10, that the defendants' (Bradshaw) equity of
redemption be foreclosed and said mortgaged property be
sold, and an order of sale be issued to the sheriff of said
Nuckolls county, Nebraska, commanding him to sell said
lots 11 and 12, in block 18, in the city of Superior, Ne-
braska, and bring the proceeds thereof into court, to be
applied in satisfaction of the amount so found due, subject
to the liens of Nellie A. Figley and the Beatrice Savings
Bank Company.

"It is also considered and adjudged by the court that as
to the notes and mortgage of Goodrich Bros. Banking Com-
pany, the same are decreed void and of no effect, being

without consideration, and that the mortgage be satisfied of record and canceled, and that the defendants Bradshaw have and recover of Goodrich Bros. Banking Company the sum of $803.10, and that the costs of these proceedings be taxed to Goodrich Bros. Banking Company."

The judgment is sustained by the clear weight of evidence. Even Mr. Goodrich's own testimony shows that the draft was sent to Carto to clear off the liens on the property, and this agent seems to have betrayed his trust and failed to discharge the duty he had assumed and the employer must bear the loss. We do not care to comment on the testimony at length. The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.